[Cite as *Bunting v. Bailey*, 2020-Ohio-3124.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

PAUL EDWARD BUNTING

     Plaintiff-Appellant

-vs-

ROBIN BAILEY *c/o* VOAGO,
CASE MGR. AID

     Defendant-Appellee

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 2020CA00005

O P I N IO N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Stark County Court of Common Pleas, Case No. 2019CV01496 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 27, 2020 |

APPEARANCES:

For Plaintiff-Appellant

PAUL EDWARD BUNTING
4520 Lincoln Street, East, Lot No. 3
East Canton, Ohio  44730-0433

For Defendant-Appellee

FRANK H. SCIALDONE
Mazanec, Raskin & Ryder Co., LPA
Cleveland Office
100 Franklin's Row, 34305 Solon Road
Cleveland, Ohio  44139

*Hoffman, P.J.*

**{¶1}** Plaintiff-appellant Paul Edward Bunting appeals the December 9, 2019 Judgment Entry entered by the Stark County Common Pleas Court granting defendant-appellee Robin Bailey's motion for judgment on the pleadings.

STATEMENT OF THE CASE AND FACTUAL ALLEGATIONS[1]

**{¶2}** Appellant filed a complaint for monetary damages against Appellee on July 23, 2019. The underlying claim involved Appellee's alleged refusal to allow Appellant to personally attend a civil pretrial hearing for a case Appellant had filed in the Tuscarawas County Common Pleas Court.

**{¶3}** At the time of that pretrial, Appellee was Appellant's case manager aid at Volunteers of America of Greater Ohio, where Appellant was completing a post-incarceration, supervised re-entry program. Appellant asserted Appellee's refusal to allow him to attend the pre-trial violated the program's Resident Handbook and his constitutional rights and resulted in his Tuscarawas County case being dismissed for failure to prosecute.

**{¶4}** Appellee filed a motion for judgment on the pleadings on October 10, 2019. Appellant filed a brief in opposition on November 13, 2019. The trial court granted Appellee's motion on December 9, 2019. It is from that entry Appellant prosecutes this appeal, assigning as error:

THE JUDGMENT ENTRY GRANTING DEFENDANT'S MOTION

FOR JUDGMENT ON THE PLEADINGS BY JUDGE KRISTEN G.

---

[1] A full rendition of the factual allegations in Appellant's complaint is unnecessary for our resolution of this appeal.

FARMER, CIVIL COURT OF COMMON PLEAS, STARK COUNTY, OHIO,

CASE NO. 2019 CV 01496, FILED DECEMBER 9, 2019, IS NOT A FINAL

APPEALABLE ORDER PURSUANT TO THE R.C. §2505.02, ET AL.


ANALYSIS

**{¶5}** Appellant maintains the trial court's December 9, 2019 Judgment Entry was not a final appealable order because it did not include Civ.R. 54(B) language there was "no just reason for delay" when dismissing his multi-claim complaint against Appellee.[2]

**{¶6}** In its judgment entry, the trial court found Appellant's claims failed as a matter of law to set forth facts that would entitle him to relief.  The trial court sustained Appellee's Civ.R. 12(C) Motion for Judgment on the Pleadings, and "dismisses **ALL** of Plaintiff's claims against Defendant Robin Bailey." (See Dec. 9, 2019 Judgment Entry at p. 2, emphasis added.)

**{¶7}** Additionally, Appellant argues the trial court erred in failing to issue findings of fact and conclusions of law in rendering its decision.[3]  Appellant concludes because the trial court's entry was not a final appealable order, this Court should dismiss his appeal for want of a final appealable order and remand the case to the trial court for further proceedings with instructions to issue findings of fact and conclusions of law.

**{¶8}** Contrary to Appellant's contention, we find the trial court's December 9, 2019 Judgment Entry was a final appealable order pursuant to R.C. 2505.02, therefore, did not require Civ.R. 54(B) language.  We also find, pursuant to Civ.R. 52, "Findings of

---

[2] Appellant does not challenge the substantive basis of the trial court's decision but rather only asserts procedural error.
[3] This argument was not separately assigned as error as required by App.R. 16(A).

fact and conclusions of law… are unnecessary upon all other motions including those pursuant to Civ.R. 12"; therefore, the trial court did not err in granting Appellee's Civ.R. 12(C) motion without issuing findings of fact or conclusions of law.

{¶9}   Appellant's sole assignment of error is overruled.

{¶10}  The judgment of the trial court is affirmed.


By: Hoffman, P.J.

Wise, John, J.  and

Delaney, J. concur